CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 3 0 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB ALAN SHOUSE, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00347 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| TRACY RAY, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Jacob Alan Shouse, Virginia inmate number 327092, currently incarcerated in the Red Onion State Prison ("ROSP") in Pound, Virginia, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff seeks unspecified monetary damages and injunctive relief. Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure prior to filing the complaint. Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dept of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385-88 (2006). Section 1997e(a)

applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoners failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff submitted a statement acknowledging that his grievances regarding the instant complaint had been rejected as untimely.[1] It is clear, therefore, from the documentation plaintiff has submitted that he has not properly exhausted all available administrative remedies prior to filing the instant lawsuit. Because plaintiff did not timely utilize all steps of the grievance procedures, the court concludes that he has failed to exhaust all available administrative remedies. Booth, 532 U.S. at 741, n. 6; Woodford, 126 S. Ct. at 2384-86 (upholding district court's finding that plaintiff failed to properly exhaust all available administrative remedies where initial grievance was rejected because it was not filed within the 15 working day period prescribed by the regulations of the California Department of Corrections); Cooper v. Schilling, et al., Civil Action No. 7:06-cv-00296 (W.D. Va. November 20, 2006) (Turk, S.J.), slip

---

[1] Plaintiffs complaint specifically claims that his constitutional rights were violated when he was placed in five-point restraints from October 6 through 8, 2007, subsequent to his return to ROSP from a local hospital, where he had been taken for emergency treatment after an alleged suicide attempt (plaintiff asserted that he had swallowed "shanks"). On April 23, 2008, plaintiff submitted his first informal complaint regarding his claim. His informal complaint and Level I grievance were rejected as untimely, and plaintiff did not appeal any further the May 15, 2008, rejection of his regular grievance.

op. at 3-5, 2006 WL 3359592 at *2 (Virginia inmates are required to exhaust claims in accordance with the grievance procedures established by the VDOC); Davis v. Stanford, 382 F. Supp.2d 814, 818 (E.D. Va. 2004) (same); Lawrence v. Va. Dep't of Corr., 308 F. Supp.2d 709, 718 (E.D. Va. 2004) (where prison policies require inmates to file grievances within a specified time period following a complained-of event, but plaintiff is unable to do so because the period has expired, plaintiff is still required to "appeal[ ][the] procedural denials to the point of exhaustion of . . . administrative remedies," id. at n. 14, before filing § 1983 action). Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his statement verifying his proper exhaustion of all available administrative remedies that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint.[2] See Anderson, 407 F.3d at 683.

---

[2] The complaint asserts that, in October 2007, plaintiff was subjected to "excessive force & cruel & unusual punishment & negligence, plus deliberate indifference to [a] serious medical need[]," in addition to "negligent acts due to deliberate indifference." Plaintiff requests to be transferred to a mental health unit and the dismissal of several prison employees. Regarding plaintiff's request for injunctive relief, a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not appear to state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is
(continued...)

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 30th day of June, 2008.

                                                                       Senior United States District Judge

---

[2](...continued)
not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. As it is clear at this juncture that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

4